UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE; CHARLESTON WATERKEEPER; SOUTH CAROLINA WILDLIFE FEDERATION,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, CHARLESTON DISTRICT; LTC ANDREW JOHANNES, in his official capacity as Commander of the Charleston District, LTG SCOTT A. SPELLMON, in his official capacity as Chief of Engineers; CHRISTINE WORMUTH, in her official capacity as Secretary of the U.S. Army; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; UNITED STATES FISH AND WILDLIFE SERVICE; DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02727-RMG<br><br><br><br>**ORDER AND OPINION** |

　　This matter is before the Court on motion of the Defendants United States Army Corps of Engineers, Charleston District; LTC Andrew Johannes, in his official capacity as Commander of the Charleston District, LTG Scott Spellmon, in his official capacity as Chief of Engineers; Christine Wormuth, in her official capacity as Secretary of the United States Army (collectively, the "Corps"); United States Environmental Protection Agency; Michael Regan, in his official capacity as Administrator of the Environmental Protection Agency (collectively, "EPA"), United

1

States Fish and Wildlife Service; and Deb Haaland, in her official capacity as Secretary of the United States Department of the Interior to dismiss the first, second, and fourth claims in Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 14). For the reasons set forth below, the motion is granted in part and denied in part.[1]

## I. Background

Plaintiffs bring this civil action to challenge the Corps' and the EPA's (collectively "Federal Defendants") authorization of the filling of 180 acres of wetlands for the development of the Cainhoy Plantation, a mixed-use residential and commercial development that is slated for construction off Clements Ferry Road and nearby Highway 41 in Berkeley County, South Carolina. (Dkt. No. 1 ¶ 1). The Corps approved a Section 404 permit for the development of Cainhoy pursuant to the Clean Water Act ("CWA") that the EPA approved. Plaintiffs challenge these decisions in a five-count complaint alleging that the plan was not the least environmentally damaging practicable alternative to the wetlands, and the Corps violated federal law when it failed to prepare an environmental impact statement. Federal Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 14). Plaintiff filed a response in opposition. (Dkt. No. 16). Federal Defendants filed a reply. (Dkt. No. 19). The matter is ripe for the Court's review.

## II. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks the statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). Where a defendant

---

[1] The parties agree to dismiss Plaintiffs' claim four because claim three is adequately pled to allow for the full review of Plaintiffs' claims asserted under the National Environmental Policy Act ("NEPA"). (Dkt. No. 14-1 at 12); (Dkt. No. 16 at 3). The Court will dismiss Plaintiff's claim four.

2

attacks subject matter jurisdiction based on the face of the complaint—as is the case here—the court should accept all uncontroverted, well-pleaded allegations as true in deciding the motion. *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009). However, the burden of establishing jurisdiction falls squarely upon the plaintiff. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Plaintiffs' complaint contains five counts. (Dkt. No. 1). The present motion to dismiss only addresses counts one and two. (Dkt. No. 14-1). Count one asserts a claim against the Corps under the CWA's citizen suit provision, 33 U.S.C. § 1365(a)(2), asserting the Corps' issuance of a Section 404(b) permit was unlawful and violated Section 404 of the CWA, 33 U.S.C. § 1344, and its implementing regulations. (Dkt. No. 1 ¶¶ 168-78). Plaintiffs allege the permit is unlawful because the Corps failed to conduct an adequate alternative analysis, (*id*. ¶¶ 92-97), and because the Corps failed to select the least environmentally damaging practicable alternative. (*Id*. ¶¶ 98-105). In the alternative to claim one, Plaintiffs seek relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) in that the Corps' issuing of the 404 permit was arbitrary, capricious, and in violation of the CWA. (*Id.* ¶ 178, n.3). Count two asserts a claim against the EPA under the CWA citizen suit provision for "failure to exercise its mandatory duty of oversight imposed by the CWA including Section 404" and for "abdicat[ing] its ultimate responsibility to protect wetlands" by not objecting to or vetoing the permit in violation of Section 404 of the CWA, 33 U.S.C. § 1344, and its implementing regulations. (Dkt. No. 1 ¶¶ 179-83). In the alternative to claim two, Plaintiffs seeks relief pursuant to the APA, 5 U.S.C. § 706(1), for failure to exercise its mandatory duty of CWA oversight that constituted an "agency decision unlawfully withheld or unreasonably delayed." (*Id.* ¶ 183, n. 4).

Federal Defendants assert several arguments for dismissal of claims one and two. Federal Defendants primarily argue that Plaintiffs erroneously plead claims one and two under the CWA's citizen suit provisions, 33 U.S.C. § 1365(a)(2), and therefore the claims must be dismissed. (Dkt.

4

No. 14-1 at 19-38). Federal Defendants argue three rules limit Plaintiffs' ability to bring suit pursuant to the CWA citizen suit provision. First, the CWA citizen suit provision only authorizes suit against the Administrator of the EPA and not the Corps. Therefore, the Corps is improperly joined in claim one. Second, the CWA citizen suit provision may not be used to challenge the substance of an agency decision and claims one and two improperly challenge the substance of the Corps' and EPA's permitting decisions. Third, the CWA citizen suit provision only authorizes actions to compel the EPA to perform a nondiscretionary duty under the CWA, and claims one and two fail to allege any nondiscretionary duty on the part of the EPA and the Corps.

In response, Plaintiffs argue the Fourth Circuit's decision in *Hanson v. Wildlife Federation* addressed these issues and authorizes claims one and two as pled against Federal Defendants. Federal Defendants argue the Fourth Circuit's more recent decision in *Sanitary Board of Charleston, West Virginia v. Wheeler*, 918 F. 3d 324 (4th Cir. 2019) ("*Charleston*") limits *Hanson*'s broad interpretation of the CWA's citizen suit provision and creates an intra-circuit conflict with respect to *Hanson*. As a threshold issue, the Court will address the applicable statutory framework and the Fourth Circuit's decisions in *Hanson* and *Charleston* before addressing Federal Defendants' arguments on the merits.

### A. Clean Water Act Permitting and Enforcement Provisions

Sections 404 and 505(a) of the CWA, 33 U.S.C. §§ 1344 and 1365(a) should be read in conjunction. Section 1344 authorizes the Secretary of the Army acting through the Army Corps of Engineers to issue permits for the discharge of dredged or fill material into the "waters of the United States" when certain conditions are met. 33 U.S.C. § 1344. Section 1344 (c) authorizes the Administrator of the EPA to block or override a Corps' permit decision. *Id.* The CWA citizen suit provision, § 1365(a)(2), authorizes any citizen to commence a civil action "against the [EPA]

5

Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2); 33 U.S.C. § 1251(d). The citizen suit provision of the CWA reaches only "non-discretionary acts; in other words, acts that the agency 'is required to take.'" *Charleston*, 918 F.3d at 331. (internal citations omitted). Therefore, when a private litigant brings a suit against the Administrator, "[a] clearly mandated, non-discretionary duty imposed on the Administrator is a prerequisite for federal jurisdiction . . . ." *Id.*

In *Hanson*, the Fourth Circuit held the CWA citizen suit provision, 13 U.S.C. § 1365(a)(2), permits claims against the Corps and the EPA for failure to comply with section 404 duties of the CWA. 859 F. 2d at 315-316. *Hanson* determined the Corps' responsibility to regulate dredged or fill material pursuant to section §1344 of the CWA is a non-discretionary duty. Specifically, *Hanson* stated:

> "it is quite clear that both the Corps and the EPA are responsible for the issuance of permits under the CWA and enforcement of their terms. The Corps has the nondiscretionary duty to regulate dredged or fill material, and to fulfill that duty it must make reasoned wetlands determinations." *Hanson*, 859 F.2d at 315 (citing *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 138-39 (1985)). The Corps has a mandatory duty to ascertain the relevant facts, correctly construe the applicable statutes and regulations, and properly apply the law to the facts. The EPA is ultimately responsible for the protection of wetlands."

*Id.* The *Hanson* court concluded the citizen suit provision, "[s]ection 1365(a)(2) should be interpreted in conjunction with Civil Procedure Rule 20 (joinder) to allow citizens to sue the Administrator and join the Corps when the Corps abdicates its responsibility to make reasoned wetland determinations and the Administrator fails to exercise the duty of oversight imposed by Section 1344(c)." *Id.* at 316. *But see Preserve Endangered Areas of Cobb's History v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1249-50 (11th Cir. 1996) ("*PEACH*") (holding the CWA citizen suit provision does not allow suit against the Corps, and the CWA does not allow suit against the

6

EPA for its failure to override a section 404 permit issued by the Corps because such a decision is as a discretionary act- the EPA Administrator is "authorized" rather than "mandated" to overrule the Corps).

Since the Fourth Circuit's decision in *Hanson*, this Court has held that *Hanson* allows challenges to Corps' section 404 permits proceeding under the citizen suit provision of the CWA, § 1365(a)(2). *See e.g.*, *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs* ("*Clyesdale*"), No. 2:13-CV-1543-RMG, 2013 WL 12304696, at * 2 (D.S.C. Nov. 7, 2013) ("[T]he Court finds, under *Hanson,* that the CWA citizen suit actions in claims two and three [alleging violations of section 404 of the CWA] against the Corps and the EPA are proper."); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. CA 2:07-3802-PMD, 2008 WL 4280376, at * 8 (D.S.C. Sept. 11, 2008) (holding both the EPA and the Corps are proper defendants in a CWA citizen suit claim challenging the Corps' grant of a Section 404 permit); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Civil Action No. 2:17-cv-3212-BHH, (Jan. 30, 2019) (Dkt. No. 54) (finding the CWA citizen suit was the proper vehicle for a challenge to the Corps' issuance of section 404 permit and EPA failure to veto).

More recently, in *Charleston*, the Fourth Circuit considered whether the EPA's authority to approve West Virginia's water quality standards as consistent with the applicable requirements under Section 303 of the CWA was a discretionary decision. The court noted Section 303 of the CWA granted the EPA supervisory responsibility over the CWA that included the authority to review a state's proposed water quality standard. 33 U.S.C. § 1313(c)(3). The *Charleston* court held the "EPAs determination necessarily involves an independent judgment as to whether the state's proposed standards are 'based on sound scientific rationale' and are actually capable of meeting the environmental ends that have been identified for each body of water." *Id.* at 332

(citing 40 C.F.R. § 131.11(a)(1)).  The *Charleston* court stated the "EPA engages in its own calculations and brings its own understanding of the most recent science to bear.  This sort of inquiry is a paradigmatic example of agency decision." *Charleston*, 918 F.3d at 332 (citing *PEACH*, 87 F.3d at 1249-50).  *Charleston* determined the EPA's decision was discretionary and fell outside the scope of the CWA citizen suit provision.  *Id*. at 333.

In this case, Federal Defendants contend that Plaintiffs' reliance on *Hanson* to support jurisdiction against the Corps and the EPA under the citizen suit provision, § 1365(a)(2) is misplaced because it creates intra-circuit conflict with *Charleston*.  Defendants maintain that *Charleston* clarified the scope of proper claims under the citizen suit provision and determined that a Plaintiff may not bring a claim under "§1365(a)(2) to challenge the substance of agency decision-making under the CWA." (Dkt. No. 14-1 at 23, 32-34).  Upon a review of the applicable authorities, the Court finds the Fourth Circuit's analysis in *Charleston* does not create an intra-circuit conflict with respect to *Hanson*'s holding.  In *Charleston*, the court confined its analysis to the EPA's discretionary duties to determine whether West Virginia's water quality standards satisfied the requirements under section 303 of the CWA.  918 F.3d at 332-333.  In *Hanson*, the court determined that both the Corps and the EPA were responsible for the issuance of permits under section 404 of the CWA, along with the enforcement of its terms.  859 F.2d at 315-16.  *Hanson* determined the Corps has a mandatory duty to regulate dredged or fill material and the EPA has a mandatory duty to ultimately protect the wetlands.  *Id.*  *Charleston* does not analyze section 404 of the CWA, nor does it discuss *Hanson*'s analysis of the Corps' and the EPA's duties pursuant to section 404 of the CWA.  *Hanson*, 859 F.2d at 315-16.  Therefore, the Fourth Circuit's holding in *Hanson* authorizes Plaintiffs' claims one and two under the citizen suit provision against the Corps' and EPA for failure to perform nondiscretionary duties under section 404 of the CWA.

### B. Plaintiffs' Claims One and Two

The Court will address Federal Defendants arguments with respect to claims one and two on the merits. First, Federal Defendants argue the citizen suit provision only authorizes suit against the EPA and not the Corps. (Dkt. No. 14-1 at 21-22). This position is inconsistent with the ruling set forth in *Hanson*. *Hanson* held the EPA and the Corps are proper defendants in CWA citizen suit provision claims brought pursuant to § 1365(a)(2) that allege violations of section 404 of the CWA. It instructed, "such claims should be interpreted in conjunction with Civil Procedure Rule 20 (joinder) to allow citizens to sue the EPA Administrator and join the Corps when the Corps abdicates responsibility . . . and the Administrator fails to exercise the duty of oversight imposed by section 1344 (c)." *Hanson*, 859 F.3d at 315-316. Consistent with the Fourth Circuit's directive in *Hanson* and prior orders from this District, the Court finds claims one and two properly allege claims against the Corps and EPA under the CWA citizen suit provision. *Clyesdale*, No. 2:13-CV-1543-RMG, 2013 WL 12304696, at * 5; *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. CA 2:07-3802-PMD, 2008 WL 4280376, at * 8; *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Civil Action No. 2:17-cv-3212-BHH, (Jan. 30, 2019), (Dkt. No. 54 at 15).

Next, Federal Defendants argue the CWA's citizen suit provision may not be used to challenge the substance of an agency decision because it only authorizes actions to compel the EPA to perform a nondiscretionary duty under the CWA. Defendants argue claims one and two improperly challenge the substantive and discretionary duties of the Corps' and the EPA's permitting decisions as prohibited by *Charleston*. (Dkt. No. 14-1 at 21-24).[2] Defendants cite

---

[2] Defendants note *Charleston*'s citation to *PEACH* as support for a "paradigmatic example of agency discretion." (Dkt. No.19 at 4); *Charleston,* 918 F.3d at 322 (citing *PEACH*, 87 F.3d 1242). That the court in *Charleston* cited the Eleventh Circuit's decision in *PEACH* that reached an

9

authority other circuits that determined the EPAs decision to exercise its authority under section 404 (c) of the CWA is discretionary. (Dkt. No. 14-1 at 28, n. 6) (citing cases). The Court previously determined the Fourth Circuit's ruling in *Charleston* does not conflict with its holding in *Hanson*. In addition, the Court is not bound by the determinations of other circuits. The Fourth Circuit's decision in *Hanson* remains controlling law regarding the nondiscretionary nature of the duties imposed by section 404 of the CWA on the Corps and the EPA. *Hanson*, 859 F.2d at 315-16.

The Court finds claim one properly alleges breaches of nondiscretionary duties by the Corps and is properly pled under the CWA citizen suit provision. Count one asserts the Corps' 404(b) permit was unlawful because it failed to conduct an adequate alternative analysis, (Dkt. No. 1. ¶¶ 92-97), and because it failed to select the least environmentally damaging practicable alternative. (*Id*. ¶¶ 98-105). These allegations are consistent with a prior claim the Corps erred in approving a section 404 permit where it was alleged the project would result in significant degradation, and where it was alleged, there were less damaging alternatives available. Previously, this Court found the claim properly alleged breaches of nondiscretionary duties by the Corps under the CWA citizen suit provision. *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Civil Action No. 2:17-cv-3212-BHH, (Jan. 30, 2019), (Dkt. No. 54 at 15).

The Court finds claim two properly alleges breaches of nondiscretionary duties by the EPA and is properly pled under the CWA citizen suit provision. Count two asserts the EPA failed to "exercise its mandatory duty of oversight imposed by the CWA including Section 404" and for "abdicat[ing] its ultimate responsibly to protect wetlands" by not objecting of vetoing the permit

---

opposite conclusion than *Hanson*- that the EPA decision to overrule the Corps' 404 permit under the CWA is discretionary- does not effectively limit *Hanon's* holding and the Court declines to infer such.

in violation of section 404 of the CWA. (Dkt. No. 1 ¶¶ 178-83). The allegations are consistent with a prior claim the EPA failed to override or block the Corps' action, that this Court found was a failure by the Administrator to perform non-discretionary duties under Section 404 under the citizen suit provision. *Clyesdale*, No. 2:13-CV-1543-RMG, 2013 WL 12304696, at * 5.

### C. Alternative CWA Claims Brought Pursuant to APA Section 706

On reply, Federal Defendants request that to extent the Court determines Plaintiffs' first claim may not proceed as a CWA citizen suit claim, the Court should allow Plaintiffs to proceed against the Corps under the APA. As the Court determined claims one and two are properly brought against the Corps and the EPA under the CWA citizen suit provision it declines to address Defendants' arguments with respect Plaintiffs' alternate request for relief under the APA. However, Plaintiffs alternate claims for relief asserted pursuant to the APA must be dismissed. The APA permits review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As the Court determined claims one and two may proceed under the CWA citizen suit provision, the alternate claims for relief under the APA are precluded. *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Civil Action No. 2:17-cv-3212-BHH, (Jan. 30, 2019), (Dkt. No. 54 at 18); *Clyesdale*, 2013 WL 12304696-RMG, at * 3 (dismissing APA claims where parallel CWA citizen suit claims seeking the same relief were allowed to proceed).

### IV. Conclusion

For the reasons stated above, Federal Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. No. 14). The motion is **GRANTED** as to Plaintiffs' claim four. The motion is otherwise **DENIED**. The court dismisses Plaintiffs' alternate claims for relief as to claims one and two asserted under the APA.

**AND IT IS SO ORDERED**.

<u>s/ Richard M. Gergel</u>  
Richard M. Gergel  
United States District Judge

March 7, 2023  
Charleston, South Carolina

12