IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Coastal Conservation League, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> United States Army Corps of Engineers, Charleston District, *et al.*, <br><br> Defendants, <br><br><br> Tract 1 Timber, LLC, *et al.*, <br><br> Defendant-Intervenors. | Case No. 2:22-CV-2727-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Federal Defendants' motion to limit or quash extra-record testimony by Defendant-Intervenors and Plaintiffs. (Dkt. No. 66). Defendant-Intervenors and Plaintiffs responded. (Dkt. Nos. 67, 68). For the reasons set forth below, the Court **DENIES** Federal Defendants' motion.

I.     **Background**

Federal Defendants move before this Court to limit or quash extra-record testimony from being offered in the course of oral argument on Plaintiffs' Motion for a Temporary Restraining Order or Preliminary Injunction on Monday, September 16 at 2:00 p.m. (Dkt. No. 69). After Defendant-Intervenors notified the Parties of their intent to present the testimony of Ryan Wenzel, an environmental consultant retained by Defendant-Intervenors to conduct Bat surveys in Cainhoy, Plaintiffs subpoenaed two FWS officials – Lindsey Troutman and Christy-Johnson Hughes – in the event rebuttal testimony became necessary. (Dkt. No. 66 at 5-6; Dkt. Nos. 66-4, 66-5). Federal Defendants do not intend to call any witnesses. (Dkt. No. 66 at 6).

1

Plaintiffs explain that they agree with the government that review of their motion should be limited to the administrative record, but that the rebuttal testimony of the two FWS officials may be necessary if Ryan Wenzel's testimony "bleed[s] over to the merits," a possibility acknowledged by Defendant-Intervenors. (Dkt. No. 68 at 1-2) (citing Dkt. No. 66-7). Defendant-Intervenors clarify that they have "agreed to limit the questioning of their witnesses to the three non-merit factors for a preliminary injunction" and "take no position on whether the Plaintiffs should be allowed to question the employees of the Fish and Wildlife Service." (Dkt. No. 67 at 3).

## II.    Discussion

Federal Defendants are of the view that "[t]he scope of review for the merits is limited to the administrative record," explaining that because "post-decisional materials or testimony are not part of the administrative record" this Court should "exclude testimony that goes to the merits and quash Plaintiffs' subpoenas" of the two FWS officials they have called to testify. (Dkt. No. 66 at 1-2). Defendant-Intervenors argue that this rule does not apply in the context of granting injunctive relief but highlight that "[t]he Court need not decide this issue" because they have agreed to limit the questioning of their witnesses to the three non-merit factors for a preliminary injunction." (Dkt. No. 67 at 3).

In light of the Parties' agreement to limit testimony to the three non-merits factors of the analysis for injunctive relief, Federal Defendants' motion is arguably rendered moot. However, to the extent the Parties anticipate that testimony may "bleed[] over to the merits" of Plaintiffs' claims, this Court is not precluded from weighing such extra-record evidence. *See, e.g.*, *Esch v. Yeutter*, 876 F.2d 976, 991 & n.166 (D.C. Cir.1989) (noting that "courts have developed a number of exceptions countenancing use of extra-record evidence" including "in cases where relief is at issue, especially at the preliminary injunction stage"); *Ohio Valley Env't Coal. v. United States*

2

*Army Corps of Engineers*, No. CV 3:05-0784, 2006 WL 8438090, at *1, *2 (S.D.W. Va. Mar. 31, 2006) (allowing Plaintiffs to introduce extra-record evidence at preliminary injunction hearing in light of "strong precedent for exceptions to the record-only review where NEPA claims are asserted" and reasoning that "[a]llegations that the agency has neglected to consider, or failed to adequately discuss, a serious environmental consequence permit extra-record evidence") (citing *County of Suffolk v. Secretary of the Interior*, 562 F.2d 1368 (2d Cir. 1977)); *Webb v. Gorsuch*, 699 F.2d 157, 159 n.2 (4th Cir. 1983) (considering extra-record affidavits in weighing whether or not EPA's decision not to issue an EIS was arbitrary and capricious because "courts have been willing to look outside the record when assessing the adequacy of an EIS or a determination that no EIS is necessary."). Federal Defendants' motion to quash or limit extra-record testimony is **DENIED**.

        **AND IT IS SO ORDERED.**

        _s/Richard M. Gergel_
        Richard Mark Gergel
        United States District Judge

September 11, 2024
Charleston, South Carolina